UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALANNA MAROTTA,

    Plaintiff,

        v.

FORD MOTOR COMPANY, MICHAEL
WENDEL, MICHAEL BRUDZINSKI,
and THOMAS GARRITY,

    Defendants.
_____/

CASE NO. 14-CV-11149
HONORABLE GEORGE CARAM STEEH

**OPINION AND ORDER DENYING DEFENDANTS' MOTION
FOR RECONSIDERATION (DOC. #55) AND DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. #56)**

Now before the court are the parties' cross-motions for reconsideration (Docs. #55, 56). For the reasons that follow, the motions will be denied.

**I. BACKGROUND**

Plaintiff filed this action against defendants alleging discrimination, retaliation and sexual harassment in the workplace. The court granted in part and denied in part defendants' motion for summary judgment. (Doc. #52). The court dismissed all of the claims except the Title VII and Michigan Elliot Larson Civil Rights Act (ELCRA) sexual harassment claims. The parties have filed cross-motions for reconsideration. Plaintiff seeks reconsideration of the court's decision insofar as it dismissed her disability retaliation claims. Defendants seek reconsideration of the court's decision denying summary judgment on the sexual harassment claims.

-1-

## II. LEGAL STANDARD

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). The court allowed the parties an extension to file motions for reconsideration. The motions are timely.

The court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F.Supp.2d 714, 718 (E.D. Mich. 2001).

## III. ANALYSIS

### A. Defendants' Motion For Reconsideration

Defendants seek reconsideration of the court's denial of their motion for summary judgment on the Title VII and ELCRA sexual harassment claims. Defendants argue that the court "did not address a dispositive aspect of the motion, namely that Plaintiff failed to file suit within 90 days of the EEOC's March 6, 2013 right to sue letter, as she was required to do in order to be able to address the pre-March 2013 allegations raised in the underlying charge." (Doc. #55 at 2) Stripped of the allegations in the complaint that pre-date March

2013, defendants argue that the evidence is insufficient to support the Title VII or ELCRA sexual harassment claims.

Defendants have failed to show a palpable defect in the court's opinion and order. The court considered, and rejected, defendants' arguments. In Section III.A. of the court's opinion and order, titled "Time-Barred Allegations," the court stated:

> As an initial matter, defendants contest the breadth of plaintiff's allegations, arguing that most of her claims are time-barred because of her failure to file suit within 90 days of receiving her first notice of right to sue from the EEOC. Specifically, defendants argue that all allegations predating March 11, 2013 are no longer actionable and cannot be considered. Defendants also argue that under Michigan's statute of limitations, any claims involving conduct that occurred more than three years before the filing of this suit — that is, before March 11, 2011 — are no longer actionable. Plaintiff responds that under both state and federal law, evidence of time-barred events is admissible as background to demonstrate a pattern of discrimination or harassment.
>
> As it relates to Plaintiff's sexual harassment claims, plaintiff has the better of the argument. Under both Michigan law (the Elliot-Larsen Civil Rights Act) and federal law (Title VII), although claims regarding events that occurred before the relevant statutory period cannot form the basis of a lawsuit, *see Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184 (10th Cir. 2006) (Title VII); *Garg v. Macomb Cty. Cmty. Health Serv.*, 696 N.W.2d 646, 659 (Mich. 2005) (ELCRA); Mich. Comp. Laws § 600.5805 (2009), such evidence is admissible when relevant in accordance with the traditional rules of evidence and the trial court's discretion to determine whether a hostile work environment exists. *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977); *Campbell v. Dep't of Human Serv.*, 780 N.W.2d 586, 590–92 (Mich. Ct. App. 2009). In other words, this evidence is relevant as background to put the sexual harassment claims in context.
>
> The court will therefore consider all of plaintiff's allegations — including those that predate March 11, 2011 and March 11, 2013 — as background to determine whether there is a genuine issue of material fact showing a pattern or discrimination or harassment.

(Doc. #52 at 13–14) (internal citations omitted)

Considering the entirety of the evidence as it relates to the sexual harassment claims, the court determined that material questions of fact exist precluding summary judgment. The court did not err in its analysis.

As it relates to the ELCRA claim, Michigan case law makes clear that "acts occurring outside the limitations period, although not actionable, may, in appropriate cases, be used as background evidence to establish a pattern of discrimination. This evidence is subject to the rules of evidence and applicable governing law, and may be admitted under the sound discretion of the trial court." *Campbell*, 780 N.W.2d at 592. The court used the acts occurring outside of the limitations period as background facts to put plaintiff's claim in context. Plaintiff alleges that she suffered ongoing sexual harassment through the date of her taking medical leave. The court's consideration of all of the alleged harassment in context, including the acts occurring outside of the limitations period, is proper.

Defendants contend that there is insufficient evidence to show that sexual harassment was ongoing aside from reference to alleged acts that occurred outside of the limitations period. They are wrong. Plaintiff testified that, as late as March 2013, she complained to Ford's human resources hotline about sexual harassment, including that her supervisor Michael Wendel made specific sexual comments to her. Although some of the alleged sexual harassment occurred prior to March 18, 2011, as the court explained in its opinion and order, these actions are relevant as background for determining whether the alleged sexual harassment was ongoing.

Likewise, as it relates to the Title VII claim, all of the evidence predating the first EEOC charge (filed on February 19, 2013), is considered as background to determine the allegedly ongoing nature of the sexual harassment plaintiff claims to have suffered.

-4-

Defendants' reading of the case law would preclude a plaintiff from bringing a sexual harassment claim if (1) an EEOC charge is filed; (2) a lawsuit is not brought within 90 days of receiving a right to sue letter; but (3) the plaintiff continues to suffer sexual harassment in the workplace. The case law makes clear that evidence supporting the alleged ongoing nature of sexual harassment, even if time-barred, may properly be considered as background evidence.

The court considered and rejected defendants' arguments in ruling on their motion for summary judgment. They have not demonstrated a palpable defect with this court's opinion and order. Reconsideration is unwarranted.

**B. Plaintiff's Motion For Reconsideration**

Plaintiff also seeks reconsideration of the court's opinion and order as it relates to the dismissed disability retaliation claims. Plaintiff has not met her burden in obtaining reconsideration.

Plaintiff argues that her disability retaliation claims should not have been dismissed. She argues that (1) she established a materially adverse employment action; and (2) she established that defendants' reasons for assigning her to certain tasks was pretext for discrimination. As the court explained in its opinion and order, even if plaintiff had established a prima facie case of disability retaliation, she failed to overcome defendants' legitimate reasons for assigning her to certain tasks. These reasons, as the court explained, included "plaintiff's seniority level and job classification (determined by the union), her department's merger with another department (requiring fewer employees to perform a wider range of assignments), the lack of availability of small hand-pack work

(plaintiff's preferred assignment), and the fact that all of the assignments given to plaintiff were within her medical restrictions[.]" (Doc. #52 at 31).

Plaintiff fails to establish a palpable defect with the court's opinion and order necessitating reconsideration.

## IV. CONCLUSION

For the reasons explained above, the parties' cross-motions for reconsideration are DENIED.

IT IS SO ORDERED.

Dated:  September 14, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 14, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk