UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALANNA MAROTTA,

    Plaintiff,

            CASE NO. 14-CV-11149
v.          HONORABLE GEORGE CARAM STEEH

FORD MOTOR COMPANY, MICHAEL
WENDEL, MICHAEL BRUDZINSKI,
and THOMAS GARRITY,

    Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS INDIVIDUAL DEFENDANTS
FROM PLAINTIFF'S TITLE VII CLAIM (DOC. #64)

Plaintiff filed this action against defendants alleging discrimination, retaliation and sexual harassment in the workplace. The court granted in part and denied in part defendants' motion for summary judgment. (Doc. #52). The court dismissed all of the claims except the Title VII and Michigan Elliot Larson Civil Rights Act (ELCRA) sexual harassment claims. Now before the court is defendants' motion to dismiss the individual defendants from plaintiff's Title VII claim. For the reasons that follow, the motion will be granted.[1]

---

[1] This matter is currently scheduled for oral argument on January 12, 2016. The arguments are adequately presented in the briefs such that oral argument is not necessary. Thus, the court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (citations and quotation marks omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (citing *Bell Atlantic*, 550 U.S. at 555).

II. DISCUSSION

Defendants argue that the Title VII claim cannot proceed against the individual defendants because Title VII claims are permitted only against an "employer," not an "individual." Plaintiff responds that defendants' motion is untimely. Defendants have already brought a motion for summary judgment without raising the issue now before the court. Thus, plaintiff says to grant a subsequent motion to dismiss would be unfair.

The court does not fault defendants for failing to raise the issue initially in their motion for summary judgment. That motion dealt with multiple issues, the majority that were resolved in defendants' favor. Given the number of issues raised, it appears that the failure to seek dismissal of the Title VII claims against the individual defendants was a mere oversight.

Moreover, it is well-settled that Title VII claims cannot proceed against individual defendants. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."); *Sam Han v. University of Dayton*, 541 F. App'x 622, 629 (6th Cir. 2013) ("Title VII does not allow for liability on the part of any person or entity other than Plaintiff's 'employer.' And according to this Court, under 42 U.S.C. 2000e, an 'employer' does not include the 'supervisors,' 'managers,' or 'co-workers' of a plaintiff.") (citation omitted); *Griffin v. Finkbeiner*, 689 F.3d 584, 601 (6th Cir. 2012) ("An individual cannot be held personally liable for violations of Title VII.") (citation omitted); *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003) (In *Wathen*, this court held that despite the express use of the word 'agent' in the statute, Title VII does not create individual liability for individuals in supervisory positions. . . ."); *Cantu v. Mich. Dep't of Corrections*, No. 07-10339, 2007 WL 2413103, at *3 (E.D. Mich. Aug. 21, 2007) (Steeh, J.) ("It is well established in the Sixth Circuit that 'an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII.'") (citation omitted); *Benford-Smith v. City of Taylor, Mich.*, No. 12-13209, 2013 WL 2250169, at * (E.D. Mich. May 22, 2013) (Steeh, J.) (dismissing Title VII claims against individual defendants).

Based on the overwhelming case law in this circuit, the Title VII claim will be dismissed against the individual defendants, only.

### III. CONCLUSION

For the reasons stated above, defendants' motion to dismiss the individual defendants from plaintiff's Title VII claim is GRANTED. A scheduling order will follow to chart the future course of the case.

IT IS SO ORDERED.

Dated: December 4, 2015

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 4, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk