UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALANNA MAROTTA,

       Plaintiff,

                                     CASE NO. 14-CV-11149
v.                           HONORABLE GEORGE CARAM STEEH

FORD MOTOR COMPANY, a Michigan
corporation, MICHAEL WENDEL, an
individual, and THOMAS GARRITY, an
individual,

       Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM INTRODUCING EVIDENCE OR ARGUMENT RELATING TO DISABILITY BENEFITS RECEIVED BY PLAINTIFF**

Plaintiff filed the instant employment-discrimination action against her former employer, Ford Motor Company, and two of her former supervisors at Ford, Michael Wendel and Thomas Garrity (collectively, "Defendants").[1] Now before the Court is Plaintiff's motion *in limine* to prohibit Defendants from introducing evidence at trial relating to the disability benefits that Plaintiff has received since going on indefinite leave at Ford, and to prohibit Defendants from mentioning these disability benefits during argument. (Doc. 76). Plaintiff asserts that Plaintiff received her disability benefits "from a source collateral to the tortfeasor," and that therefore the benefits will

---

[1] The complaint also asserted claims against a fourth defendant, Michael Brudzinski, who has since been dismissed from the case.

-1-

not be "set off from damages [she] may recover." (Doc. 76 at 3 (emphasis removed)). Thus, Plaintiff argues, evidence of the benefits is irrelevant and not admissible at trial.

Defendants, however, claim that although Plaintiff's disability benefits were managed and disbursed by a company called Unicare, the benefits were completely funded by Ford. (Doc. 80). Thus, Defendants argue, the benefits are not from a collateral source. Defendants' factual assertions are supported by an affidavit from a human-resources employee at Ford. (See Doc. 80-1).

The parties argued the motion at a May 31, 2016, hearing. At the hearing, the Court drew the parties' attention to *Hamlin v. Charter Township of Flint*, 165 F.3d 426 (6th Cir. 1995). In that case, the Sixth Circuit explained that a court should consider the following five factors in assessing whether disability benefits are collateral:

> (1) whether the employee makes any contribution to [the] funding of the disability payment; (2) whether the benefit plan arises as the result of a collective bargaining agreement; (3) whether the plan and payments thereunder cover both work-related and nonwork-related injuries; (4) whether payments from the plan are contingent upon length of service of the employee; and (5) whether the plan contains any specific language contemplating a set-off of benefits received under the plan against a judgment received in a tort action.

*Id.* at 435. At Plaintiff's request, the Court authorized Plaintiff to conduct some limited discovery in order to determine whether Plaintiff's disability benefits are collateral-source benefits under the *Hamlin* factors.

On July 19, the Court held a telephonic status conference. During the conference, Plaintiff's counsel conceded that the discovery revealed that Plaintiff's disability benefits were not collateral-source benefits under the *Hamlin* factors. However, Plaintiff suggested that the benefits would still be inadmissible under the

Federal Rules of Evidence and stated that he would file supplemental a brief. As of now, Plaintiff has failed to file a supplemental brief. Pursuant to Plaintiff's concession, the Court hereby DENIES Plaintiff's motion *in limine* (Doc. 80) without prejudice. Plaintiff may file a new motion asserting her evidentiary argument.

    IT IS SO ORDERED.

Dated: August 17, 2016

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 17, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk